1817.

*Philadelphia.*

*Saturday,*
April 5.

EVANS *against* BRITTAIN.

CASE STATED.

Error to the Common Pleas of *Bucks* county.

The question in this case turned upon a devise in the will of *James Evans* deceased, uncle of the plaintiff, made in the year 1772. The testator gave all his real estate, consisting of about 86 acres of land, in *Bucks* county, to his wife for her life, and after her decease, as follows, viz. " I give and be- " queath the aforesaid tract or plantation of land, with all " the appurtenances thereunto belonging, equally unto my " brother *Daniel's* eldest son *Isaac Evans,* and his heirs, " and to my brother *David's* eldest son *James Evans,* and " his heirs, jointly to be enjoyed by them, their heirs and " assigns forever." The plaintiff, who was the eldest son of *David Evans,* claimed the whole by survivorship. The defendant claimed a moiety under *Isaac Evans* deceased, who was the son of *Daniel.* The Court of Common Pleas decided in favour of the defendant.

*A devise of a plantation "equally to my brother A's eldest son and his heirs, and to my brother B's eldest son and his heirs jointly to be enjoyed by them, their heirs and assigns for ever," makes a tenancy in common.*

*Morris* and *C. J. Ingersoll,* for the plaintiff. It was evidently the intention of the testator to create a joint-tenancy, since he plainly had in view the principle of primogeniture. The word " equally" in this will, refers to the estate ; it means an equal estate to each of the nephews ; and has no reference to a division. No construction of the words " jointly to be enjoyed," can be given, which is compatible with the idea, that the testator meant a tenancy in common. Such being the case, the intention of the testator must controul all other principles of construction. There is no instance, in which this word " jointly" has been so far disregarded by Courts, as to construe the estate, a tenancy in common, in contradiction to it. They cited *Martin* v. *Smith,*(a) *Caine's* v. *Grant's lessee,*(b) *Loveacres* v. *Blight,*(c) *Rigden* v. *Vallier,*(d) *Webster* v. *Webster,*(e) *Kray* v. *Wil-*

(a) 5 *Binn.* 16.        (d) 3 *Atk.* 730.
(b) 5 *Binn.* 119.       (e) 2 *P. Wms.* 346.
(c) *Cowp.* 352.

*lis*,(a) *Fisher* v. *Wigg*,(b) *Stones* v. *Heurtly*,(c) *Morgan's Case.* (d)

*N. Chauncey* and *Chauncey*, for the defendant. Whatever may anciently have been the disposition of Courts, they of late favour a tenancy in common. In *Martin* v. *Smith*,(e) it is said by TILGHMAN C. J. that it is unnatural to create a joint-tenancy in providing for children; and that any intention of division or severalty, destroys the joint-tenancy. In *Owen* v. *Owen*,(f) the words " equally to be divided," were held, to make a tenancy in common in a will. The word " equally" in a will, was held to make the estate a tenancy in common, in *Rigden* v. *Vallier*, 3 *Atk.* 733.(g) So " part and part alike" *Cro. Car.* 75, " share and share alike," and " respectively." Ib. *Heathe* v. *Heathe*.(h) 1 *Eq. Ca. Ab.* 537. *Cas. Temp. Talb.* 27. *Stiles*, 434. So the word " alike," *Loveacres* v. *Blight*,(i) " equally amongst," 1 *Eq. Cas. Ab.* 293. *pl.* 10. In *Blissett* v. *Cranwell*,(k) a devise to A, and B, and their heirs, and the longer liver of them, equally to be divided between them and their heirs, was held a tenancy in common. In *Bindon* v. *Earl Suffolk*, 1 *P. Wms.* 96, a bequest was made of a debt to two, share and share alike, equally to be divided between them, and if any of them died, then to the survivor; they were held to be tenants in common. This case, though over-ruled, was considered authority, by Sir J. MANSFIELD, 4 *Bos. &* *Pul.* 90. and by Lord HARDWICKE, 1 *Ves.* 14, 15. and the reason of the reversal in the house of lords, is not unfavourable to our construction of the will. There are various other cases on this point, *Barker* v. *Giles*,(l) *Stringer* v. *Phillips*,(m)*Hawes* v. *Hawes*,(n) *Stones* v. *Heurtly*, (o) *Ettrich* v. *Ettrich*.(p) In *M'Pherson* v. *M'Pherson*,(q) there were words of joint-tenancy, with very little to take off their force; yet the estate was held a tenancy in common, by a majority of the judges. In the present case, the testator speaks of the heirs of each who are to enjoy, which could not be, if the survivor

(a) 2 *P. Wms.* 529.
(b) 1 *P. Wms.* 13.
(c) 1 *Ves.* 166.
(d) *Popham*, 52.
(e) 5 *Binn.* 16.
(f) 1 *Atk.* 494.
(g) 3 *Atk.* 731.
(h) 2 *Atk.* 121.

(i) 1 *Cowp.* 357.
(k) 1 *Salk.* 226.
(l) 2 *P. Wms.* 208.
(m) 1 *Eq. Cas. Ab.* 293.
(n) 1 *Ves.* 14.
(o) 1 *Ves.* 165.
(p) 3 *Burr.* 1881. *Amb.* 656. *s.'c.*
(q) *Addison*, 327.

took all. The word jointly, is technical and never has been
adjudged to give a joint-tenancy, in contradiction to other
words. It means no more than that they were to enjoy to-
gether. Where there is a conflict between words, which
tend to a joint-tenancy, and words which create a tenancy in
common, Courts incline to the latter. We say, that in
this will, the intent of creating a tenancy in common, ap-
pears from the word equally, and from the direction, that
the heirs of both shall enjoy the estate. The whole will is
to be taken together. The last words ought not to be con-
strued so as to destroy the first.

*Reply.* This will was made in 1772, and must be referred
to that period, in considering the testator's intent. Since
that time, great changes have taken place in men's senti-
ments concerning joint-tenancy. But Courts will not indulge
their inclinations in favour of tenancy in common, so as to
shake an established principle. *5 Binn.* 16. 18. 20. 22. 119.
No case has been cited, that goes the length contended for
by the defendant's counsel here. *Morgan's Case,*(a) comes
the nearest to the present of any that have been cited.

TILGHMAN C. J. The question in this case, turns upon
a devise, in the will of *James Evans,* deceased, uncle of the
plaintiff, made in the year 1772. The testator gave all his
real estate, consisting of about 86 acres of land in *Bucks*
county, to his wife for her life, and after her decease, as
follows, viz. " After her decease, I give and bequeath the
" aforesaid tract or plantation of land, with all the appur-
" tenances thereunto belonging, equally, unto my brother
" *Daniel's* eldest son *Isaac Evans,* and his heirs, and to my
" brother *David's* eldest son *James Evans,* and his heirs,
" jointly to be enjoyed by them, their heirs and assigns for
" ever." The plaintiff (who is the eldest son of *David
Evans,*) claims the whole, by survivorship. The defendant
claims a moiety, under *Isaac Evans,* (son of *Daniel,*) deceased.
The Court of Common Pleas decided in favour of the de-
fendant.

For many years past, the judicial current has set strong
against joint-tenancy, and justly; because a tenancy in com-

(a) *Poph.* 52.

1817.

EVANS
*v.*
BRITTAIN.

1817.

EVANS
*v.*
BRITTAIN.

mon makes a more equal provision for families, and is generally more agreeable to the real intent of the testator. No Court has ventured to construe strict words of joint-tenancy as a tenancy in common; but slight expressions have been caught at, to avoid a joint-tenancy. The words *equally to be divided,* or *equally,* without more, are sufficient to make a tenancy in common. The former part of this devise, " *equally,* to *Daniel*'s eldest son and his heirs, and *David*'s " eldest son and his heirs," would be a clear tenancy in common; the intent is too plain to admit of a doubt; nor do I think, that this intent is destroyed by the subsequent expressions, " jointly to be enjoyed by them, their heirs and " assigns." It is not to be supposed, that a man should have two contrary intentions at the same time, and express them both in the same sentence. The latter words, in this case, indicate an intent that *the heirs of each nephew* should enjoy the land, which is inconsistent with joint-tenancy. But how are we to construe the words, to be *jointly enjoyed,* &c. I believe the testator intended to use those expressions in their literal sense; the sense which any man, not a lawyer, would attach to them; that is to say, that after the death of his nephews, their heirs should hold the lands *together ;* and this they would do, in case of a tenancy in common, until partition made. Before partition, tenants in common hold, *together* and *undivided.* It is much more reasonable to give this construction to the latter part of this devise, than to suppose that the testator had all at once changed his mind, and given the whole to the survivor, just after declaring that it should go equally *to each and to the heirs of each.* I am well satisfied of the intent, and am for fulfilling it, as there is no rule of law to the contrary. My opinion is, that an estate in fee, passed to the two nephews, as tenants in common, and therefore, the judgment should be affirmed.

GIBSON J. concurred.

DUNCAN J. gave no opinion, not having heard the argument.

Judgment affirmed.